IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| REFORMED THEOLOGICAL SEMINARY RTS,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO.: _____<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendant, Hartford Fire Insurance Company ("Hartford Fire" or "Defendant"), hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Western District of North Carolina, Charlotte Division. A copy of this Notice is being filed with the Clerk of the Superior Court of Mecklenburg County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Defendant states the following:

**PROCEDURAL HISTORY AND CASE BACKGROUND**

1. This civil action arises out of a commercial property insurance policy and contract entered between Hartford Fire and Reformed Theological Seminary Rts ("Reformed" or "Plaintiff"), and whether Hartford Fire is required to indemnify Plaintiff for the damages it alleges it incurred, pursuant to the insurance contract or any other applicable law.

1

2. On or about March 19, 2024, Plaintiff filed its complaint against Defendant in the Superior Court of Mecklenburg County, North Carolina (the "Complaint"). The Complaint was assigned case no. 24CV013299-590 (the "State Court Action"). *See Exhibit 1, copy of Plaintiff's Complaint.*

3. Plaintiff thereafter served the Complaint upon Hartford Fire via the North Carolina Department of Insurance ("NCDOI"). *See Exhibit 2, Acceptance of Service Letter from NCDOI.* Hartford Fire received actual service of the Complaint from the NCDOI on April 29, 2024. *See id.*

4. The time for Hartford Fire to respond to the Complaint or remove this action to Federal Court has not yet expired.

5. In sum, the Complaint alleges that Hartford Fire issued a homeowners insurance policy to Plaintiff, numbered 43 UUN DF2645 (the "Policy"); that such Policy provided certain coverage for the Plaintiff's property at 2101 Carmel Rd Charlotte, NC 28226 [*sic*] (the "Property"); that following a loss event on June 16, 2022, which Plaintiff alleges cased damage to the Property, Plaintiff submitted an insurance claim to Hartford Fire that Hartford Fire did not pay. S*ee Exhibit 3, the Policy. See also Complaint, ¶¶4-5.*

6. Specifically, Plaintiff alleges Breach of contract against Hartford Fire. *Id. at ¶¶ 6-14.*

7. Plaintiff seeks actual damages in an amount in excess of $416,237.02. *See Exhibit 4, the Pre-Suit Demand Letter from Mr. Matheny.*

8. Finally, the Complaint seeks an unidentified amount of interest, attorneys' fees, and costs. *Id., at ¶ 14.*

9. In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446 (c)(1), Defendant now removes this matter to this Court based upon diversity jurisdiction.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

10. Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …." *Id.* Here, both criteria are met.

**A. Complete Diversity of Citizenship Exists.**

11. According to the Complaint, Plaintiff is a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina. *See Exhibit. 1, Compl. ¶2.*

12. Defendant is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in East Hartford, Connecticut.

13. As Plaintiff and Defendant are the only Parties to this Action and are citizens of different states, complete diversity between the Parties exists.

**B. The Amount in Controversy Exceeds $75,000.00.**

14. As indicated above, the amount in controversy exceeds $75,000.00,

exclusive of interest and costs.

16. Plaintiff alleges entitlement to an amount in excess of $416,237.02 in damages. *See supra.*

16. Plaintiff's prayer for relief also includes interest, attorneys' fees and costs. *See supra.*

17. Here, without including attorneys' fees or any other damages, Plaintiff's claimed damages total <u>at least</u> $416,237.02, in excess of the jurisdictional threshold.

18. Accordingly, the requirements of 28 U.S.C. §1332 are satisfied, as the amount in controversy exceeds $75,000.00.

## **LEGAL ARGUMENT**

19. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

20. Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Defendant, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. §1404.

21. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed
4

with the Clerk's Office for the Superior Court of Mecklenburg County, North Carolina.

22. Copies of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, are attached hereto as *Exhibits 5 and 6,* respectively.

23. This Notice of Removal is not a waiver of Defendant's defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense Defendant may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, Hartford Fire Insurance Company, requests that the above-captioned action be removed from the Superior Court, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division.

Respectfully submitted, this the 21st day of May, 2024.

                                           BUTLER WEIHMULLER KATZ CRAIG LLP

                                           /s/ L. Andrew Watson
                                           L. Andrew Watson
                                           NC Bar No.: 41812
                                           Neil W. Blackmon
                                           NC Bar No.: 60021
                                           11525 N. Community House Road, Suite 300
                                           Charlotte, North Carolina 28277
                                           Mail Center: 400 North Ashley Street, Suite 2300

Tampa, FL 33602  
Telephone: (704) 543-2321  
Facsimile: (704) 543-2324  
Email: awatson@butler.legal  
nblackmon@butler.legal  

*Attorneys for Defendant Hartford Fire Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of May, 2024, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** by placing the same, postage prepaid, in the United States Mail and via email addressed to the following persons, as well as filing the same with the above-captioned court via ECF Pacer:

> Raford W. Bussey
> Holder, Padgett, Littlejohn + Prickett, LLC
> P.O. Box 1804
> Greenville, SC 29602
> rubssey@hplplaw.com
> *Counsel for Plaintiff*

    /s/ L. Andrew Watson
        L. Andrew Watson